**G.M. MEREDITH AND ASSOCIATES, Plaintiff and Counterdefendant**

v.

**BLUE PACIFIC MANAGEMENT CORP., Agent for Pago Plaza, Defendant and Counterclaimant**

High Court of American Samoa
Trial Division

CA No. 108-90

October 16, 1995

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel:  For Plaintiff and Counterdefendant, Roy J.D. Hall, Jr.
For Defendant and Counterclaimant, William H. Reardon

Order Granting Motion for Stay of Execution of Judgment Pending Appeal Effective Upon Posting Bond Approved by the Court:

## HISTORY

On May 26, 1995, this court awarded counterclaimant Blue Pacific Management Co. ("Blue Pacific") damages of $20,900 for Hurricane Ofa's destruction of the skylight at Pago Plaza, based on the professional malpractice of the architect, who designed the skylight and supervised its installation for counterdefendant G.M. Meredith and Associates ("GMA"). GMA's motion for a new trial or reconsideration was denied on September 13, 1995. GMA appealed on September 20, 1995, and now moves for a stay to prevent enforcement of the judgment pending the appeal. The hearing on the motion to stay was held on October 12, 1995, with counsel for both parties present.

## STANDARD OF REVIEW

A motion for a stay pending appeal is evaluated according to four criteria: (1) the likelihood that appellant will prevail in the appeal; (2) irreparable harm to the appellant if the stay is not granted; (3) irreparable harm to appellees if the stay is granted; and (4) whether the public interest would be affected by the stay. *Asifoa v. Faoa*, 17 A.S.R.2d 100, 102 (App. Div. 1990). In considering the foregoing issues of prejudice, great weight will be given to preserving the status quo pending appeal, and a motion for a stay for that purpose generally ought to be granted if the appeal is not frivolous, nor taken for the purpose of delaying the inevitable. *Id.* at 102-103.

## DISCUSSION

Our opinion in the present case is the first in this jurisdiction involving an architect's professional malpractice, and applies the doctrine of res ipsa loquitur to damages resulting from a hurricane. Although we are comfortable that our holdings are correct, we acknowledge the fact that they present legal issues which are debatable and which are not settled in this jurisdiction. For this reason, we conclude that the appeal is not taken either frivolously or solely for the purpose of delaying the inevitable.

Blue Pacific does not object to the stay, provided that GMA posts a bond to secure the judgment in case the appeal is unsuccessful. In light of this general agreement that a stay is appropriate, we are further determined to exercise our discretion to preserve the status quo pending appeal, if we can do so without undue prejudice to either party.

The applicable rule governing a bond as security for a stay on appeal is found in T.C.R.C.P. 62(d), which states:

> Subject to the discretion of the court, when an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the conditions of subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

We are required, under this rule, to use our discretion and determine whether to impose security in exchange of a stay of a money judgment pending an appeal. *Asifoa*, 17 A.S.R.2d at 103.

In the present case, the appeal has not been calendared for the upcoming appellate session and will, therefore, be tied up in appellate litigation for quite some time. Blue Pacific will also be required to expend resources to defend the judgment. Thus, Blue Pacific has a legitimate interest in making sure that the judgment remains recoverable during the substantial period of the appeal.

For these reasons, and exercising our discretion, we grant the motion to stay enforcement of the judgment pending the appeal, but require that GMA post a bond approved by the court to effectuate the stay. The principal amount of the bond shall be the amount of the judgment, $20,900, less any amount already secured by execution of the judgment, and shall provide surety for post-judgment interest at the rate of 6% per annum on the principal amount of the bond.

It is so ordered.